**SCURA, WIGFIELD, HEYER, STEVENS & CAMMAROTA, LLP**
1599 Hamburg Turnpike
Wayne, New Jersey 07470
Tel.: 973-696-8391
Fax: (973) 696-8571
JOHN J. SCURA III, ESQ., Attorney ID (022771993)
*Counsel to Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SCURA, WIGFIELD, HEYER, STEVENS & CAMMAROTA, LLP<br><br>Plaintiff,<br><br>v.<br><br>CITIBANK, NA, ACCESS BANK, PLC (formerly DIAMOND BANK, PLC), JOHN DOES 1-100, ABC CORPORATIONS 1-100, (being fictitious parties),<br><br>Defendants. | Docket No.:<br><br>**COMPLAINT AND JURY DEMAND** |

The Plaintiff, Scura, Wigfield, Heyer, Stevens & Cammarota, LLP (hereinafter referred to as "Plaintiff") and with a business address of 1599 Hamburg Turnpike, Wayne, New Jersey 07470, by way of Complaint, states as follows:

**PARTIES**

1. Upon information and belief, Defendant Citibank, NA (hereinafter "Citibank") is a national bank with a main business address at 388 Greenwich Street, New York, New York 10013.

2. Defendant, Access Bank PLC, is a professional liability company formerly known as Diamond Bank PLC, and maintains a with a business address of Plot 1665 Oyinjolayemi Street Victoria Island, Lagos, Nigeria (hereinafter collectively referred to as "Access Bank").

3. Defendants John Does 1-100 are fictitious names for the unidentified persons or

entities who participated in the action which give rise to this litigation and/or aided and abetted the defendants and are presently unknown to Plaintiff pending further investigation and discovery.

4. Defendants, ABC Corp. 1-100 are fictitious names for unidentified persons or entities who participated in the action which give rise to this litigation and/or aided and abetted the defendants and are presently unknown to Plaintiff pending further investigation and discovery.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction over this action under 28 U.S.C 1332, in that the amount in controversy exceeds seventy-five thousand dollars ($75,000) and Plaintiff are citizens of a state which is different from the state where Defendants are incorporated and have their principal place of business.

6. Venue is proper in this district, because the incident occurred in Wayne, New Jersey in the County of Passaic, which falls within the jurisdiction of this court.  All evidence and the large majority of witnesses would be located in New Jersey.

## FACTS COMMON TO ALL COUNTS

7. At all times herein mentioned, Plaintiff is law firm providing legal services and maintaining an attorney trust account with ConnectOneBank ("ConnectOne").

8. On or about November 15, 2019, Plaintiff received an e-mail from an individual identifying themselves as Miguel Francisco in connection with an employment related claim he had with his former employer LabCorp.  Specifically, Mr. Francisco alleged that LabCorp owed him $119,000.00 due and owing under a severance agreement.  Plaintiff's office received e-mails from someone purporting to work at LabCorp confirming the same.

9. On Monday November 25, 2019, Plaintiff's office received a certified bank check in the amount of $119,000.00 made payable to Plaintiff from HSBC Bank.

10. Plaintiff's bookkeeper scanned the aforementioned check for deposit to ConnectOne on or about November 25, 2019.

11. On Tuesday November 26, 2019, Plaintiff's bookkeeper called Mr. Francisco to verify the wire instruction. Mr. Francisco called the Plaintiff's bookkeeper verifying where the outgoing wire should go.

12. The beneficiary bank of the aforementioned wire transfer was Defendant Citibank. The ultimate beneficiary was Defendant Access Bank.

13. On November 26, 2019, Plaintiff processed the wire in the amount of $118,550.00.

14. On Friday November 29, 2019 (the day after Thanksgiving) Plaintiff's bookkeeper received a telephone call from ConnectOne that the HSBC check in the amount of $119,000.00. was fraudulent.

15. On Friday November 29, 2019, ConnectOne issued to Defendant Citibank a recall of the wire. To date, Plaintiff has received no further notice from Defendant Citibank regarding the status of the aforementioned wire transfer.

16. In connection with the aforementioned wire transfer, Plaintiff became the victim of fraud, including wire fraud, perpetrated upon them by an unidentified third person or persons.

17. Plaintiff notified the local police department and the United States Federal Bureau of Investigation ("FBI") regarding the wire fraud. Plaintiff was instructed by those authorities that subpoenas were going to be issued to the banks involved, including Defendant Citibank. However, due to the COVID-19 pandemic, local authorities were unable to issue several of the subpoenas.

18. Plaintiff has learned that Defendant Citibank's customer and beneficiary,

Defendant Access Bank, formerly known as Diamond PLC, was a fraudulent entity established for the purpose of participating in wire fraud schemes and that such activity has been ongoing for some time.

19. Defendant Citibank failed to exercise proper due diligence in accordance with industry standards and federal and state regulations designed to allow banks to recognize that its customer was a fraudulent entity created to perpetuate wire fraud.

20. Banks such as Defendant Citibank are required by federal law and applicable regulations to know their customers and understand their banking activities and conduct. They must supervise their customers' accounts and engage in due diligence both at the outset of the relationship and continuously during the relationship with the customer. Such duties are heightened as to customers that are deemed higher-risk, including customers like Defendant Access Bank, that are located overseas. Such higher risk customers are subject to enhanced due diligence.

21. Pursuant to applicable banking regulations, a bank such as Defendant Citibank is required to collect and maintain information concerning its customers, and maintain procedures to allow it to form a reasonable belief that it knows the true identity of each customer.

22. To discharge its duties, Defendant Citibank is required to collect information about the holder of each account. When a corporate entity rather than an individual opens an account, a bank, such as Defendant Citibank, must obtain information about the individuals with authority or control over the account.

23. Defendant Citibank deviated from its own standard course of business by failing to abide by established client identity verification procedures required of all banks and financial institutions.

## COUNT I
### (Fraud)

24. Plaintiff repeats each and every allegation of the preceding paragraphs of the Complaint as if the same were set forth herein at length.

25. As set forth above, Defendant Citibank's customer and beneficiary, Defendant Access Bank, formerly known as Diamond PLC, was a fraudulent entity established for the purpose of participating in wire fraud schemes and that such activity has been ongoing for some time.

26. As set forth above, on November 26, 2019, Plaintiff processed the wire in the amount of $118,550.00.

27. On Friday November 29, 2019, ConnectOne informed Plaintiff's bookkeeper that the HSBC check in the amount of $119,000.00. was fraudulent.

28. In connection with the aforementioned wire transfer, Plaintiff became the victim of fraud, including wire fraud, perpetrated upon them by Defendant Access Bank.

29. Defendant Access Bank's fraudulent misconduct was the proximate and direct cause of Plaintiff's losses.

30. As a direct and proximate consequence of Defendant Access Bank's misconduct as described above, Plaintiff has lost $119,000.00.

WHEREFORE, Plaintiff demand judgment for compensatory damages against all named defendants, together with interest and costs of suit.

## COUNT II
### (Aiding and Abetting Fraud)

31. Plaintiff repeats each and every allegation of the preceding paragraphs of the Complaint as if the same were set forth herein at length.

32. As set forth in detail above, Defendant Access Bank was a fraudulent entity established for the purpose of participating in wire fraud schemes and that such activity has been ongoing for some time.

33. By ignoring the red flags that would have arisen had Defendant Citibank properly followed its customer due diligence procedures, Defendant Citibank knowingly aided and abetted a fraudulent transaction when it wired Plaintiff's funds to Defendant Access Bank.

34. Defendant Citibank breached its duty owed to Plaintiff by substantially assisting Defendant Access Bank's wire fraud scheme as described above.

35. As a direct result of Defendant Citibank's negligence and/or recklessness in failing to properly screen its customers and verify their existence prior to allowing a wire transfer to leave its bank resulted directly in Plaintiff's loss.

36. Defendant Citibank's misconduct was the proximate and direct cause of Plaintiff's losses because it directly and proximately resulted in the wire fraud perpetrated by Defendant Access Bank.

37. As a direct and proximate consequence of Defendant Citibank's misconduct as described above. Plaintiff has lost $119,000.00.

WHEREFORE, Plaintiff demand judgment for compensatory damages against all named defendants, together with interest and costs of suit.

## COUNT III
**(Negligence)**

38. Plaintiff repeats each and every allegation of the preceding paragraphs of the Complaint as if the same were set forth herein at length.

39. As set forth in detail above, Defendant Citibank owed Plaintiff's a duty of care because it knew and/or was on notice that Plaintiff's funds were being misappropriated and/or were at risk of being misappropriated by Defendant Access Bank.

40. Indeed, as described above, Defendant Citibank acquired such knowledge by ignoring the red flags that would have arisen had Citibank properly followed its customer due diligence procedures as required by Federal law and applicable regulations.

41. Defendant Citibank was negligent and breached its duties to Plaintiff by receiving Plaintiff's funds and thereafter knowingly wiring the same the Defendant Access Bank.

42. Defendant Citibank's misconduct was the proximate and direct cause of Plaintiff's losses because it directly and proximately resulted in the wire fraud perpetrated by Defendant Access Bank.

43. As a direct and proximate consequence of Defendant Citibank's misconduct as described above. Plaintiff has lost $119,000.00.

WHEREFORE, Plaintiff demand judgment for compensatory damages against all named defendants, together with interest and costs of suit.

                                              **SCURA, WIGFIELD, HEYER, STEVENS & CAMMAROTA, LLP**
                                              Attorneys for Plaintiff

Dated: June 22, 2021                        /s/ John J. Scura III, Esq.
                                              By: JOHN J. SCURA III, ESQ.

## DESIGNATION OF TRIAL COUNSEL

PLEASE TAKE NOTICE that, JOHN J. SCURA III, ESQ. is hereby designated as trial counsel on behalf of Plaintiff SCURA, WIGFIELD, HEYER, STEVENS & CAMMAROTA, LLP.

**SCURA, WIGFIELD, HEYER, STEVENS & CAMMAROTA, LLP**
Attorneys for Plaintiff

Dated: June 22, 2021            /s/ John J. Scura III, Esq.
                                By: JOHN J. SCURA III, ESQ.

## DEMAND FOR A JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable as a matter of right, pursuant to F.R.C.P. 38(b)(1) and 38(c).

**SCURA, WIGFIELD, HEYER, STEVENS & CAMMAROTA, LLP**
Attorneys for Plaintiff

Dated: June 22, 2021            /s/ John J. Scura III, Esq.
                                By: JOHN J. SCURA III, ESQ.

**CERTIFICATION PURSUANT TO LOCAL F.R.C.P.   11.2**

To the best of my knowledge, information and belief, the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration or administrative proceeding. I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

**SCURA, WIGFIELD, HEYER, STEVENS & CAMMAROTA, LLP**
Attorneys for Plaintiff

Dated: June 22, 2021

/s/ John J. Scura III, Esq.
By: JOHN J. SCURA III, ESQ.