**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**ESTHER SALAS**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING<br>COURTHOUSE<br>50 WALNUT ST.<br>ROOM 5076<br>NEWARK, NJ 07101<br>973-297-4887 |

April 19, 2023

## LETTER ORDER

**Re:** *Scura Wigfield Heyer Stephens & Cammorata, LLP V. Citibank, NA et al*
**Civil Action No. 21-12835 (ES) (LDW)**

Dear Counsel:

On October 19, 2022, the Clerk of the Court entered default against Defendant Miguel Francisco in this action. The Court is in receipt of Plaintiff's "Motion for Default Judgment as to Miguel Francisco." (D.E. No. 71). Because Plaintiff's motion does not comply with the requirements outlined herein, the Clerk of the Court is directed to **TERMINATE** Docket Entry number 71.

Below, the Court sets forth the various factors that must be addressed in support of any future motion for default judgment.

"Before entering default judgment, the Court must address the threshold issue of whether it has personal jurisdiction and subject matter jurisdiction over the parties." *Prudential Ins. Co. of Am. v. Bramlett*, No. 08-0119, 2010 WL 2696459, at *1 (D.N.J. July 6, 2010).

Further, "[b]efore granting a default judgment, the Court must determine (1) whether there is sufficient proof of service; (2) whether a sufficient cause of action was stated; and (3) whether default judgment is proper." *Teamsters Health & Welfare Fund of Phila. & Vicinity v. Dubin Paper Co.*, No. 11-7137, 2012 WL 3018062, at *2 (D.N.J. July 24, 2012) (internal citations omitted). And, to determine whether granting default judgment is proper, the Court must make factual findings as to: "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008).

"A court does not accept as true allegations pertaining to the amount of damages." *Days Inns Worldwide, Inc. v. Panchal*, No. 15-1459, 2015 WL 5055318, at *2 (D.N.J. Aug. 25, 2015) (citation omitted). "While the court may conduct a hearing to determine the damages amount, Fed. R. Civ. P. 55(b)(2), a damages determination may be made without a hearing as long as the court ensures that there is a basis for the damages specified in the default judgment." *Id.* (quotation marks and textual modifications omitted).

Accordingly, if moving for default judgment, the Court hereby orders Plaintiff to submit a brief (no more than 7 single-spaced pages) with any materials in support of the default judgment motion—which specifically addresses each of the above factors in an organized, easy-to-read format using headings (and, if necessary, sub-headings) and numbered paragraphs or bullet points. The brief may omit a table of contents and table of authorities.

To be sure, any such motion for default judgment must still be filed as a motion and comport with the requirements of this District's Local Civil Rule 7.1 (*e.g.*, Notice of Motion)—except for Rule 7.1(d)(4) and Rule 7.1(g).

**SO ORDERED.**

*s/Esther Salas*
**Esther Salas, U.S.D.J.**